**Joginder SINGH, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 01–71750.
INS No. A75–253–599.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and
T.G. NELSON, Circuit Judges.

MEMORANDUM **

Joginder Singh, a native and citizen of
India, petitions for review of a decision of
the Board of Immigration Appeals ("BIA")
dismissing his appeal of an immigration
judge's denial of his motion to reopen pro-
ceedings after he was ordered deported *in
absentia.* Because the transitional rules
apply, *see Kalaw v. INS,* 133 F.3d 1147,
1150 (9th Cir.1997), we have jurisdiction
under 8 U.S.C. § 1105a(a). We review the
denial of a motion to reopen for an abuse
of discretion, *Dobrota v. INS,* 311 F.3d
1206, 1211 (9th Cir.2002), and we review
due process claims de novo, *Colmenar v.
INS,* 210 F.3d 967, 971 (9th Cir.2000). We
deny the petition for review.

Singh contends that his right to due
process was violated when the immigration
judge ("IJ") gave him notice of his re-
scheduled deportation hearing in English
rather than Punjabi. We disagree. After
determining that Singh did not speak En-
glish, the IJ scheduled a new deportation
hearing with a Punjabi interpreter. The
IJ gave Singh written notice of the new
hearing that complied with all of the statu-
tory requirements. *See* 8 U.S.C.
§ 1252b(a)(2)(B) (1994) (notice of a change
or postponement of a deportation hearing
must be written and contain (1) the new
time and place of the hearing, and (2) the
consequences of failing to appear). Ac-
cordingly, we reject Singh's contention
that the written notice he received violated
his right to due process.

Similarly, Singh's contention that the IJ
violated his right to due process by failing
to explain the written notice of the new
hearing lacks merit. Indeed, the record
shows that the IJ attempted to explain the
notice to Singh to the extent possible given
the language barrier.[1]

Moreover, because Singh did not file his
motion to reopen within 180 days after the
date of the deportation order, he was not
entitled to relief on the basis of exceptional
circumstances. *See* 8 U.S.C.
§ 1252b(c)(3)(A) (1994).

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1. Singh's reliance on *Matter of Hernandez,*
Interim Decision 3265 (BIA 1996), is mis-
placed. *Hernandez* held that 8 C.F.R.
§ 242.1(c) (1995) requires an explanation of
the content of an Order to Show Cause
("OSC") when an immigration officer person-
ally serves the OSC on an alien. Here, the IJ
did not serve an OSC on Singh but rather
served only a hearing notice. Singh admitted
in the affidavit filed with his motion to reopen
that, when the asylum officer served the OSC,
Singh's interpreter explained the future pro-
ceedings, including Singh's obligation to ap-
pear in court.

Finally, we reject Singh's contentions that the BIA did not apply the correct law, did not consider all of his arguments, and failed to give adequate reasons to support its decision. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995) (BIA can adopt IJ's decision if it is clear that the BIA gave individualized consideration to the case).

PETITION FOR REVIEW DENIED.